**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
ERIK O. AUTOR, *et al.*,                )
                                        )
                        Plaintiffs,     )
                                        )
v.                                      )        Civil Action No. 11-1593 (ABJ)
                                        )
REBECCA BLANK, *et al.*,                )
                                        )
                        Defendants.     )
_____)


## <u>MEMORANDUM OPINION AND ORDER</u>

In this case, plaintiffs challenged a presidential policy that barred federally registered lobbyists from serving on certain advisory committees. After the Court granted defendants' motion to dismiss the case for failure to state First Amendment and equal protection claims, plaintiffs appealed. The U.S. Court of Appeals for the D.C. Circuit overturned the decision, holding that plaintiffs had pled viable claims. *Autor* v. *Pritzker*, 740 F.3d 176, 178 (D.C. Cir. 2014). The Court of Appeals remanded the case for further proceedings. *Id.* at 184. Following remand, but before any further proceedings took place, the parties notified the Court that they intended to settle the matter. They filed a stipulation of dismissal on September 3, 2014. Stipulation of Dismissal [Dkt. # 28].

Shortly thereafter, plaintiffs filed a motion with the Court for attorneys' fees and costs under the Equal Access to Justice Act. Pls.' Mot. for Attys' Fees & Costs [Dkt. # 31]. Plaintiffs' motion was referred to a Magistrate Judge for decision on February 23, 2015, and the parties fully

briefed the issue.[1]  On September 14, 2015, the Magistrate Judge denied plaintiffs' motion.  *Autor v. Blank*, 2015 WL 5331940, Case No. 1:11–cv–01593 (ABJ/GMH) (D.D.C. Sept. 14, 2015).

Plaintiffs have filed objections to the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.2.  Upon consideration of the parties' arguments and the record in this case,[2] the Court will uphold the Magistrate Judge's decision because he correctly stated and applied the law:  although plaintiffs ultimately achieved their desired outcome, they were not "a prevailing party" for purposes of the Equal Access to Justice Act.

While plaintiffs were successful in overturning the initial dismissal of their action, and the Court of Appeals clearly held that they had succeeded in stating a claim, the Magistrate Judge correctly determined that there was no judicial decision that changed the legal relationship between the parties, and that plaintiffs were not the "prevailing parties" as that term has been defined in the precedents binding upon this Court.  The case was not resolved in plaintiffs' favor – it was simply remanded for further proceedings – and the D.C. Circuit's opinion did not ensure that a substantive victory would obviously follow.  Plaintiffs' claim that the appellate court essentially dictated the outcome on remand and specifically voiced its agreement with their position is a mischaracterization of the Circuit's opinion, and it does not supply grounds for disturbing the Magistrate Judge's conclusion.

---

1       Defs.' Opp. to Pls.' Appl. for Attys' Fees [Dkt. # 36]; Pls.' Reply Mem. in Supp. of their Mot. for Attys' Fees & Costs [Dkt. # 37].

2       Pls.' Objs. to Mag. J. Harvey's Op. & Order [Dkt. # 42] ("Pls.' Objs."); Defs.' Resp. to Pls.' Objs. [Dkt. # 44] ("Defs.' Resp."); Pls.' Reply Br. in Supp. of Pls.' Objs. [Dkt. # 45] ("Pls.' Reply").

## STANDARD OF REVIEW

A court may refer nondispositive matters, including motions for attorneys fees, to a magistrate judge for resolution pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2.  Fed. R. Civ. P. 72(a); LCvR 72.2(a).   Upon referral, the magistrate judge "must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a); *see also* LCvR 72.2(a).   Once the magistrate judge issues his or her decision, any party may file written objections to that decision "within 14 days after being served with the order of the magistrate judge."   LCvR 72.2(b); *see also* Fed. R. Civ. P. 72(a).   The district court shall review timely objections and "may modify or set aside any portion of a magistrate judge's order . . . found to be clearly erroneous or contrary to law."   LCvR 72.2(c); *see also* Fed. R. Civ. P. 72(a).   "Under that deferential standard, a magistrate judge's factual findings or discretionary decisions must be affirmed unless, 'although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Am. Ctr. for Civil Justice v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011), quoting *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co*., 130 F.R.D. 507, 508 (D.D.C. 1990).

## ANALYSIS

Plaintiffs claim they are entitled to attorneys' fees and costs under the Equal Access to Justice Act because they were a "prevailing party" in the underlying case within the meaning of the statute.  Pls.' Objs. at 17–18.

The Equal Access to Justice Act provides that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2012).

To qualify as a prevailing party under the Act, a party must point to: (1) a court-ordered change in the legal relationship between the parties; (2) a judgment in favor of the party seeking attorneys' fees; and (3) a judicial pronouncement accompanied by judicial relief. *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003), citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001).  A party is considered to be a prevailing party when it obtains an enforceable judgment on the merits or a court-ordered consent decree. *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 24 (D.C. Cir. 2015).  More is required "than just a 'favorable statement of the law in an otherwise unfavorable opinion.'" *Waterman S.S. Corp. v. Maritime Subsidy Bd.*, 901 F.2d 1119, 1122 (D.C. Cir. 1990), quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987).  In a case that has been remanded for further proceedings, a party may be deemed a prevailing party if the "terms of a remand [are] such that a substantive victory will obviously follow," *Waterman*, 901 F.2d at 1123, or if the party "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'"  *Id.* at 1121, quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

Applying this standard, the Magistrate Judge held that plaintiffs do not qualify as prevailing parties because none of the three elements of the test were satisfied.  First, "neither the District Court nor the D.C. Circuit mandated a change in the legal relationship of the parties." *Autor*, 2015

WL 5331940, at *5.  The Magistrate Judge observed that this Court "only denied the government's jurisdictional challenge," and that the Court of Appeals remanded the case for this Court to rule on the merits in the first instance.  *Id.* ("[P]laintiffs merely avoided the dismissal of their claims. . . . [T]hey regained the status quo and were back in the position they originally occupied in the lawsuit," and "nothing about their relationship with the government had changed.").

The Magistrate Judge also found that plaintiffs had not obtained a judgment in their favor, because this Court's ruling on standing did not address the merits of plaintiffs' claims, and the D.C. Circuit did not rule on the constitutionality of the government's policy but remanded that question back to this Court.  *Id.*

Finally, the Magistrate Judge found that plaintiffs did not obtain judicial relief because they sought a declaration that the government's policy was unconstitutional and an injunction against its enforcement, but the D.C. Circuit's remand order "did not direct the government to rescind the Lobbyist Ban or instruct the district court to order the government to change its policy."  *Id.* at *6 ("[E]ven assuming that the D.C. Circuit provided plaintiffs with a favorable statement of law, it did not grant plaintiffs any specific relief identified in their complaint, *i.e.*, a declaratory judgment or an injunction.").

In their objection to the decision filed on October 13, 2015, plaintiffs contend that the Magistrate Judge made two errors.  Pls.' Objs. at 8–18.  First, they submit that he misapplied the test announced by the Supreme Court in *Buckhannon*:  "[a]lthough many courts, including courts in this district and the D.C. Circuit, have rejected an overly restrictive reading of the *Buckhannon* test, the Magistrate Judge applied a[n] unreasonably strict version of that test to the facts here."  Pls.' Objs. at 2.   Second, they assert that the Magistrate Judge misinterpreted the D.C. Circuit's opinion and order in this case, and they posit that it did change the legal relationship between the

parties "by eliminating all save one of the government's merits defenses, and by casting such doubt on the remaining defense that a 'substantive victory' was sure to 'follow.'"  Pls.' Objs. at 3, quoting *Waterman*, 901 F.2d at 1123.

Plaintiffs' challenge to the Magistrate Judge's decision is premised upon their contention that the D.C. Circuit plainly announced its agreement with their position.  This is the basis upon which plaintiffs argue both that the Magistrate Judge applied an erroneously strict version of the *Buckhannon/Thomas* test, and that the Magistrate Judge and the government are misinterpreting the D.C. Circuit's opinion.

First, in advancing their legal argument that the *Buckhannon* "prevailing party" test is broad enough to cover the outcome here, plaintiffs cite *Palmetto Props., Inc. v. County of DuPage,* 375 F.3d 542 (7th Cir. 2004), and they assert that as in that case, the D.C. Circuit issued a substantive determination:

> The government argues that the D.C. Circuit made no similar "substantive ruling" in this case. But as we explain further below, the government misinterprets that court's decision. The D.C. Circuit's decision instructed this Court to apply the *Pickering* test, and to consider the government's "interests" in implementing a "blanket ban" on protected First Amendment activity, but it left no doubt that the interests put forward by the government had no merit. To the government's proffered "interest" in "enabl[ing] the government to listen to individuals who have experience in the industry but who are not registered lobbyists, and are thus not otherwise as actively engaged in the political and administrative process" – the court agreed with Plaintiffs.  *Autor II*, 740 F.3d at 184.  That interest is "barely intelligible" because ITAC members themselves "serve in a *representative* capacity." *Id.* (emphasis added by D.C. Circuit).

Pls.' Reply at 5.

Second, plaintiffs point to the exact same excerpt of the D.C. Circuit opinion to support their argument that the Magistrate Judge and the government are incorrect, and that the Court of Appeals did in fact issue a ruling that dictated the outcome on remand:

> Where the terms of a remand order ensure that a "substantive victory will obviously follow" – as they did here – the requirements of the EAJA are met.
>
> The government attempts to avoid this conclusion by mischaracterizing the D.C. Circuit's decision in this case.  The government argues that when the D.C. Circuit ordered this court to apply the *Pickering* test – which seeks to strike "a balance between the interests of" the government and its citizens . . . – the court also held that the government's "interests *might* justify the restrictions on ITAC members' exercise of fundamental rights." Opp. 4 (emphasis added).  Not so:  The D.C. Circuit rejected the government's proffered "interests" in the Lobbying Ban, agreeing with Plaintiffs that they were "barely intelligible."  *Autor v. Pritzker* ("*Autor II*"), 740 F.3d 176,184 (D.C. Cir. 2014).

Pls.' Reply at 1–2 (citation omitted).[3]

The problem with this argument is that the D.C. Circuit did no such thing, and it is the government that had remained true to the text of the opinion.  In the excerpt of the appellate opinion upon which plaintiffs rely, the Court did not "ma[k]e abundantly clear" that the government's justifications for the lobbying ban were "barely intelligible."  *See* Pls.' Reply at 6.  It simply stated that *plaintiffs* thought they were:

> This rationale, Appellants respond, is "barely intelligible" because ITAC members "serve in a *representative* capacity."  Appellants' Reply Br. 13.

*Autor v. Pritzker*, 740 F.3d at 184.

---

[3]     *See also* Pls.' Reply at 10 ("The only interest ever proffered by the government in this litigation is that the ban 'directly relates to the purposes and efficacy of the ITACs as advisers' by 'enabl[ing] the government to listen to individuals who have experience in the industry but who are not registered lobbyists, and are thus not otherwise as actively engaged in the political and administrative process.' *See Autor II*, 740 F.3d at 184. The D.C. Circuit made abundantly clear what it thought of this 'interest':  it agreed with Plaintiffs that the interest is 'barely intelligible' because ITAC members themselves 'serve in a *representative* capacity.' *Id.* (emphasis added by D.C. Circuit).").

Plaintiffs point to no other sentence in the opinion as support for their contention that the Court of Appeals essentially accepted their position on the merits.[4]   Indeed, they cannot do so because the Court was quite clear that the record had not been developed and that it was *not* in a position to opine on the matter.

> Appellants . . . urge us to undertake the *Pickering* balancing ourselves.  But given that the issue is virtually unbriefed, that the district court dismissed the complaint pursuant to Rule 12(b)(6), and that the challenged ban represents a major presidential initiative, we believe the wisest course of action is to remand for the district court to develop a factual record and undertake the *Pickering* analysis in the first instance.

*Id.*  This is hardly a substantive determination.[5]

The Court sympathizes with plaintiffs' frustration with the outcome of the fee petition given the fact that they succeeded on appeal, and that their advocacy brought about a significant change in the policy to which they objected.  But the Court is bound to follow *Buckhannon, Thomas,* and even *Waterman.*  Those cases do not support an award of attorneys' fees under the

---

[4]     Plaintiffs do make reference to questions asked and comments made during oral argument, and they ask – without citing any authority for this approach – that the Court consider those matters when assessing what was decided on appeal.  Pls.' Reply at 10.  But even if comments from the bench were strongly worded, and even if plaintiffs have drawn accurate inferences about the judges' personal views – or at least, what their views were at the time of the argument – it is the published opinion of the panel, and that opinion only, that has any determinative force here.

[5]     Also, while the Circuit Court recognized that "where, as here, the government imposes a 'blanket' ban on protected activity, its 'burden is greater' than in an ordinary *Pickering* case," 740 F.3d at 184, it also observed:  "The Supreme Court has long sanctioned government burdens on public employees' exercise of constitutional rights 'that would be plainly unconstitutional if applied to the public at large.'"  *Id.* at 183, quoting *United States v. Nat'l Treasury Emps. Union,* 513 U.S. 454, 465 (1995), citing *Pickering v. Bd. of Educ. of Twp. High School Dist. 205, Will Cty., Ill.,* 391 U.S. 563 (1968).  "Although ITAC service differs from public employment, the government's interest in selecting its advisors, *see Knight,* 465 U.S. at 285, 104 S. Ct. 1058, implicates similar considerations that we believe may justify similar restrictions on individual rights."  740 F.3d at 183.

Equal Access to Justice Act in this instance, and misquoting the Circuit's opinion is not a persuasive way to argue otherwise.

### CONCLUSION

Since the Magistrate Judge's decision was not clearly erroneous or contrary to law, the Court upholds his Order denying attorneys' fees in this case, [Dkt. # 40].

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  January 20, 2016